1              BEFORE THE UNITED STATES JUDICIAL PANEL
                               on
2                    MULTIDISTRICT LITIGATION

3    IN RE:  GOOGLE PLAY STORE      .  MDL Number 3001
     SIMULATED CASINO-STYLE GAMES   .
4    LITIGATION                     .  May 27, 2021
     - - - - - - - - - - - - - - - -   2:45 p.m.
5

6                  TRANSCRIPT OF ORAL ARGUMENT

7

     BEFORE:   HONORABLE KAREN K. CALDWELL, CHAIR
8              United States District Court
               Eastern District of Kentucky
9
               HONORABLE CATHERINE D. PERRY
10             United States District Court
               Eastern District of Missouri
11
               HONORABLE NATHANIEL M. GORTON (Recused)
12             United States District Court
               District of Massachusetts
13
               HONORABLE MATTHEW F. KENNELLY
14             United States District Court
               Northern District of Illinois
15
               HONORABLE DAVID C. NORTON
16             United States District Court
               District of South Carolina
17
               HONORABLE ROGER T. BENITEZ
18             United States District Court
               Southern District of California
19
               HONORABLE DALE A. KIMBALL
20             United States District Court
               District of Utah
21

22

23

24

25

```
 1    APPEARANCES:

 2    On behalf of Maria
      Valencia-Torres, et al.:    JOHN E. NORRIS, ESQ.
 3                                 Davis & Norris
                                   Birmingham, Alabama
 4
      On behalf of Jennifer
 5    Andrews, et al.:            BENJAMIN THOMASSEN, ESQ.
                                   Edelson PC
 6                                 Chicago, Illinois

 7    On behalf of Google LLC and
      Google Payment Corp.:       TERESA H. MICHAUD, ESQ.
 8                                 Baker & McKenzie LLP
                                   Los Angeles, California
 9

10

11

12    Official Court Reporter:    SARA A. WICK, RPR, CRR
                                   U.S. Courthouse, Room 4704-B
13                                 333 Constitution Avenue Northwest
                                   Washington, D.C. 20001
14                                 202-354-3284

15
      Proceedings recorded by stenotype shorthand.
16    Transcript produced by computer-aided transcription.

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S

(All participants present via video conference.)

JUDGE CALDWELL:  We will now turn to MDL 3001, the Google Play Store Simulated Casino-Style Games Litigation.

Mr. Norris?

MR. NORRIS:  May it please the Court.  I'm John E. Norris.  I represent the plaintiffs asserting statewide class action claims against Google in the Northern District of Alabama, the Northern District of New York, the Northern District of Ohio, the Southern District of Mississippi, and the District of New Mexico.  As the movant, all these plaintiffs support centralization.

And I will not be taking my full time today for two reasons.  One is that no one is opposing centralization, nor centralization in the Northern District of Alabama before Judge Davila, and also, I was before the Panel last month in the Apple Casino Litigation, which is virtually identical to this.

The only thing I will say in addition to what we've filed in our moving papers is that the Panel should consider, if it agrees with all of the people who have filed papers in the MDLs, not only to send the case, consolidate the 12 cases and send them to the Northern District of California before Judge Davila, but to consider whether the Panel should consolidate the two MDLs, meaning the Google one and the Apple one, which could have some additional efficiencies, particularly since they are very

1   close in time to each other and involve essentially identical

2   facts.  And the Panel only sent the Apple case last month to the

3   Northern District of Alabama.  So I don't think that will slow

4   anything down.

5       And I'm happy to entertain any questions the Panel may

6   have.

7       JUDGE CALDWELL:  Anyone?

8   Thank you very much, Mr. Norris.

9       MR. NORRIS:  Thank you.

10      JUDGE CALDWELL:  Benjamin Thomassen.

11      MR. THOMASSEN:  Good morning, Your Honors -- good

12  afternoon, Your Honors.  My name is Ben Thomassen.  I represent

13  interested parties Jennifer Andrews and John Starley.

14      As Mr. Norris indicated, we, along with the other

15  plaintiffs, support centralization.  We support centralization

16  in the Northern District of California before Judge Davila.  But

17  as we said in our papers, we recommend, as Mr. Norris just

18  indicated, that the Panel consider expanding the existing MDL

19  against Apple to take on the Google platform cases as well.

20      The reasons for that, I think, are stated in our papers.

21  As this Court indicated in the transfer order for those Apple

22  cases, the main reason that the Panel sent those cases together

23  to the Northern District of California was the common issues of

24  fact with respect to the 200-and-some casino-style applications

25  that are going to determine the liability in large part for the

1  platform defendants.  And it's those same 200-and-some

2  applications that are also at issue here in the Google cases.

3  And so there's a lot of efficiencies to be leveraged by having

4  those cases -- well, the Google cases and the Apple cases all

5  proceed at the same pace rather than putting them in separate

6  MDLs and relying on informal coordination between those two

7  tracks.

8        And I would echo what Mr. Norris just said in terms of the

9  posture of the Apple cases that the Panel transferred last

10  month.  There was recently a case management hearing in front of

11  Judge Davila, and all the parties agreed to wait essentially in

12  that case to take any action before this Panel made a decision

13  with respect to the Google cases, too.  So if the Court were

14  to -- or the Panel were to transfer the cases over and put them

15  into the Apple MDL, they would all be in the exact same

16  procedural posture.

17        And then as we also noted in our papers, there's now a

18  couple of cases pending against Facebook which assert

19  essentially the same claims.  Those are both pending in the

20  Northern District of California.  So those could come in as well

21  under the local rules of that court.

22        That's all I have to say, and I'm happy to entertain any

23  questions.

24              JUDGE CALDWELL:  Yes, Judge Kimball.

25              JUDGE KIMBALL:  How separate and/or how distinct is

1    the conduct alleged against Apple and Google?  Isn't it

2    different conduct?  Doesn't that at least potentially argue for

3    a separate MDL for each?

4            MR. THOMASSEN:  Sure.  That's a great point, Judge.

5    Obviously, the conduct is a little bit different because it's

6    Google doing it on one hand and Apple doing it on the other.

7    But the relationship between both Apple and Google as platforms

8    with respect to these applications is the same, and it's going

9    to give rise to the same defense asserted by both Google and

10   Apple.

11       But more importantly, as the Panel recognized with respect

12   to the Apple MDL, the underlying question about whether or not

13   any of these platform defendants have liability is going to turn

14   on the nature of the applications themselves and whether or not

15   they constitute illegal gambling, and the answer to that

16   question is the same in the Apple cases as it's going to be in

17   the Google cases because they're the same applications, just

18   offered on different platforms.

19           JUDGE CALDWELL:  Judge Benitez.

20           JUDGE BENITEZ:  I'm not sure.  Perhaps I'm missing

21   something.  But wouldn't it be fair to give Apple a chance to

22   argue or speak on whether or not we should combine -- assuming

23   that we agree to centralize this case with their case, shouldn't

24   they have an opportunity to address that issue?

25           MR. THOMASSEN:  I'm not sure if they're required to

1   have an opportunity here, and the reason I state it that way is

2   because -- because all of these cases share questions of fact

3   with the cases arising in the Apple MDL, all of the cases here

4   could have just as easily been identified as tag-along actions

5   to be transferred over, and obviously, Apple would at that

6   point -- or the parties at that point would have a chance to

7   either oppose or not a conditional transfer order sending the

8   cases over.

9        But given the similarity between the two cases and

10  especially since all the parties do agree that the cases should

11  go to Judge Davila, who is handling the Apple cases anyway,

12  Apple will still get a say in those proceedings in front of

13  Judge Davila to argue that they should be handled in this or

14  that way.

15       The point of all this is that there's substantial

16  efficiencies to be gained by having all of the cases centralized

17  before one judge in the same proceeding so that the parties can

18  leverage those opportunities rather than one MDL advancing at a

19  greater pace than the other and requiring parties to take the

20  same steps or duplicative steps in the two cases.

21            JUDGE BENITEZ:  Great.  Thank you.

22            JUDGE CALDWELL:  Other questions?

23       Thank you very much, Counsel.

24            MR. THOMASSEN:  Thank you.

25            JUDGE CALDWELL:  We will now hear from Teresa Michaud.

1       MS. MICHAUD:  Good afternoon, Your Honor, and members

2  of the Panel.  My name is Teresa Michaud of Baker & McKenzie,

3  and I represent the Google defendants, Google LLC and Google

4  Payment Corporation, which support centralization but oppose an

5  expansion of the Apple MDL 2985.

6       Since Google agrees with the other parties that the cases

7  should be centralized in the Northern District of California and

8  before Judge Davila, I will focus on the second point.  That is,

9  we oppose consolidation with MDL 2895.  We acknowledge that the

10  Apple MDL has recently been transferred to the same court and

11  also assigned to Judge Davila, but we oppose the expansion of

12  the Apple MDL to include this one or any future MDLs as against

13  other platforms or against the game developers, because

14  consolidation will overly complicate case management rather than

15  make it more efficient, and respectfully, the Panel should,

16  therefore, maintain status quo.

17       The parties to the two cases are different, and most

18  importantly, the defendants are competitors.  The Panel has long

19  expressed its hesitancy to centralize litigation against

20  competing defendants, and this is because doing so in cases,

21  especially such as this one, will unnecessarily complicate case

22  management due to the need to protect trade secrets and

23  confidential information between Apple and Google.

24       Any overlap in the two MDLs consists primarily of

25  plaintiff's counsel and third-party discovery, but certainly,

1   plaintiff's counsel are motivated to coordinate, and the Court

2   can coordinate the discovery of third parties, potentially even

3   much more easily than it might manage complicated protective

4   orders and confidentiality barriers between competitor

5   defendants.

6        In fact, the Court is already utilizing informal means to

7   coordinate the cases.  As Mr. Thomassen mentioned, Judge Davila

8   postponed upcoming deadlines in the Apple MDL and similarly

9   stayed all of the related cases before him against Google, those

10  actions taken pending this motion to transfer before the Panel.

11       And I will note that Apple expressly opposed having the two

12  MDLs consolidated into one should both come before Judge Davila.

13       Therefore, while we support consolidation and some informal

14  coordination, we respectfully request that the Panel maintain a

15  separate MDL against Google.

16            JUDGE CALDWELL:  Questions?

17       Hearing none, we have your argument.  Thank you.

18            MS. MICHAUD:  Thank you for your time.

19            JUDGE CALDWELL:  That concludes argument in MDL Number

20  3001.

21       (Proceedings in MDL Number 3001 concluded at 2:55 p.m.)

22

23

24

25

1    CERTIFICATE OF OFFICIAL COURT REPORTER

2

3         I, Sara A. Wick, certify that the foregoing is a

4    correct transcript from the record of proceedings in the

5    above-entitled matter.

6

7         Please Note:  This hearing occurred during the

8    COVID-19 pandemic and is, therefore, subject to the

9    technological limitations of court reporting remotely.

10

11

12   /s/ Sara A. Wick                    June 10, 2021

13   SIGNATURE OF COURT REPORTER         DATE

14

15

16

17

18

19

20

21

22

23

24

25