# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIAN BARGO, LAMAR PRATER and REBECCA PRATT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLE PAYMENTS INC., GOOGLE LLC, and GOOGLE PAYMENT CORP.,<br><br>Defendants. | Civil Action No.: 2:25-cv-02025-ES-LDW<br><br>Hon. Esther Salas, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>**ORDER**<br><br>*Document Electronically Filed* |

In consideration of the Stipulation of All Parties for Temporary Stay Pending the JPML's Decision on Apple's and Google's Motions to Transfer Pursuant to 28 U.S.C. § 1407, **IT IS** on this  19th  day of May 2025, **ORDERED** that the proceedings in this action shall be temporarily stayed until 30 days after the Judicial Panel on Multidistrict Litigation resolves Apple's Motion to Transfer Pursuant to 28 U.S.C. § 1407 (ECF No. 50 in MDL No. 2985) and Google's Motion to Transfer Pursuant to 28 U.S.C. § 1407 (ECF No. 47 in MDL No. 3001) on their merits.

Hon. Leda D. Wette

United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIAN BARGO, LAMAR PRATER and REBECCA PRATT, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLE PAYMENTS INC., GOOGLE LLC, and GOOGLE PAYMENT CORP.,<br><br>     Defendants. | Civil Action No.: 2:25-cv-02025-ES-LDW<br><br>Hon. Esther Salas, U.S.D.J.<br>Hon. Leda D. Wettre, U.S.M.J.<br><br>**STIPULATION OF ALL PARTIES FOR TEMPORARY STAY PENDING THE JPML'S DECISION ON APPLE'S AND GOOGLE'S MOTIONS TO TRANSFER PURSUANT TO 28 U.S.C. § 1407**<br><br>*Document Electronically Filed* |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiffs Julian Bargo, Lamar Prater and Rebecca Pratt ("Plaintiffs"), Defendants Apple Inc. and Apple Payments Inc. (collectively, "Apple"), and Defendants Google LLC and Google Payment Corp. (collectively, "Google"), by and through their undersigned counsel, that this action shall be stayed until 30 days after the Judicial Panel on Multidistrict Litigation ("JPML") resolves Apple's Motion to Transfer Pursuant to 28 U.S.C. § 1407 (ECF No. 50 in MDL No. 2985) and Google's Motion to Transfer Pursuant to 28 U.S.C. § 1407 (ECF No. 47 in MDL No. 3001) (together, the "Transfer Motions") on their merits. In support of this stipulation, Plaintiffs, Apple, and Google state as follows:

1.     On March 31, 2025, Plaintiffs filed their Complaint against Apple and Google in the District of New Jersey. *See* ECF 1.

2.     Apple and Google contend this action raises common issues of fact and law with multi-district litigations against Apple and Google, MDL No. 2985 (Apple) and MDL No. 3001 (Google). Both MDLs are currently pending in the Northern District of California before the Honorable Edward J. Davila.

3.     MDL No. 2985 (Case No. 5:21-md-02985-EJD (N.D. Cal.)) consists of eleven putative class actions against Apple.

4.     MDL No. 3001 (Case No. 21-md-03001-EJD (N.D. Cal.)) consists of eleven putative class actions against Google.

5.     On May 5, 2025, Apple filed its transfer motion with the JPML requesting that the JPML transfer this action to the United States District Court for the Northern District of California for centralized pretrial proceedings with MDL No. 2985.

6.     That same day, Google filed its transfer motion requesting that the JPML transfer this action to the United States District Court for the Northern District of California for centralized pretrial proceedings with MDL No. 3001.

7.     While the Apple and Google MDLs are separate, informally coordinated actions, the transferee District Court would have discretion over how to centralize *Bargo* with the MDLs. *See In re Disposable Contact Lens Antitrust Litig.*,

109 F. Supp. 3d 1369, 1371 (J.P.M.L. 2015) (the Panel "leave[s] the degree of any coordination or consolidation to the discretion of the transferee judge"). Upon transfer, the transferee District Court could either (1) treat *Bargo* as a coordinated proceeding with both MDLs, or (2) sever the claims against Apple from the claims against Google and consolidate the severed *Bargo* claims with the respective MDLs.

8.      On May 6, 2025, the Clerk of the JPML issued a notice indicating that the Apple and Google motions "raise substantially overlapping issues," and that a "consolidated briefing schedule shall apply in both dockets." *See* ECF 53, MDL No. 2985; ECF 48, MDL No. 3001.

9.      The parties have agreed to request an extension of the JPML's briefing schedule, such that Plaintiffs' consolidated response brief is due on June 10, 2025, and Defendants' reply briefs, or consolidated reply brief, are due on June 24, 2025. The JPML's next hearing session is scheduled for July 31, 2025.

10.      In light of the Transfer Motions pending before the JPML, the parties request that this Court order a temporary stay of this action until 30 days following the JPML's resolution of the Transfer Motions on their merits.

11.      Good cause exists to grant the stay. Doing so would serve the interests of efficiency and judicial economy. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Icona Opportunity Partners 1, LLC v. Certain Underwriters at Lloyds, London*, 2023 WL 2473644, at *3 (D.N.J. Mar. 13, 2023) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts in this district have recognized that "[s]tays of a civil action[] are common when the issue of transfer is before the JPML." *Monmouth v. Pfizer, Inc.*, 2022 WL 17490541, at *2 (D.N.J. Dec. 7, 2022) (quoting *Dean v. Novartis Pharms. Corp.*, 2021 WL 3508808, at *2 (D.N.J. Aug. 10, 2021)). If the JPML grants the Transfer Motions, this action will be transferred to the Northern District of California for centralized pretrial proceedings with MDL No. 2985 and MDL No. 3001. Thus, because a temporary stay "may avoid unnecessary motion practice in this Court," "considerations of judicial economy favor a stay." *Dean*, 2021 WL 3508808, at *3. Finally, "a stay would not unduly prejudice or present a clear tactical disadvantage … given [all parties'] consent to [the] motion." *See Trutek Corp. v. Cho*, 2024 WL 3355304, at *2 (D.N.J. July 10, 2024).

WHEREFORE, the parties agree to and respectfully request that the Court order a temporary stay of this action until 30 days after the JPML resolves the Transfer Motions on their merits.

Dated: May 16, 2025

Respectfully submitted,
**DLA PIPER LLP (US)**

*/s/ Marc A. Silverman*

Marc A. Silverman
51 John F. Kennedy Parkway, Suite 120

Short Hills, New Jersey 07078-2704
(212) 335-4828
marc.silverman@us.dlapiper.com

John Samuel Gibson (CA Bar No. 140647)
(admitted *pro hac vice*)
john.gibson@us.dlapiper.com
Colin McGrath (CA Bar No. 351947 / NY
Bar No. 5494513)
(admitted *pro hac vice*)
colin.mcgrath@us.dlapiper.com
2000 Ave of the Stars,
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3039

*Attorney for Defendants*
*Apple Inc. and Apple Payments Inc.*

**COOLEY LLP**

*/s/ Caroline Pignatelli*
Caroline Pignatelli
55 Hudson Yards
New York, NY 10001-2157
Tel: (212) 479-6000
Email: cpignatelli@cooley.com

Teresa Michaud (admitted *pro hac vice*)
355 South Grand Avenue
Suite 900
Los Angeles, CA 90071-1560
Tel: (213) 561-3250
Email: tmichaud@cooley.com

*Attorneys for Defendants Google LLC and*
*Google Payment Corp.*

**LAW OFFICES OF G. MARTIN
MEYERS, P.C.**

*/s/ Justin A. Meyers*
Justin A. Meyers
G. Martin Meyers
35 West Main Street, Suite 106
Denville, NJ 07834
Tel: (973) 625-0838
Email: justin@gmeyerslaw.com
gmm@gmeyerslaw.com

*Attorneys for Plaintiffs*